# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3299

_____

United States of America,

        Appellee,

v.

Vincent Earl Maxwell,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: November 27, 2000
Filed: November 30, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Following a conditional guilty plea to possession of false identification documents, in violation of 18 U.S.C. § 1028(a)(3), Vincent Maxwell challenges the district court's[1] denial of his motion to suppress evidence seized during a traffic stop. Having carefully reviewed the record, including the testimony presented at the suppression hearing, we agree with the district court that the evidence was admissible. See United States v. Wicker, 80 F.3d 263, 268 (8th Cir. 1996) (credibility of

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

witnesses); <u>United States v. Allegree</u>, 175 F.3d 648, 650 (8th Cir.) (if officer's suspicions are aroused during routine traffic stop, he may expand scope of questioning and voluntary consent to search is valid), <u>cert. denied</u>, 120 S. Ct. 399 (1999); Ark. Code Ann. § 27-16-302 (Michie 1994) (possession of fictitious driver's license is misdemeanor); <u>Curd v. City Court of Judsonia, Arkansas</u>, 141 F.3d 839, 842 (8th Cir.) (police may perform warrantless search incident to arrest on all property in arrestee's immediate control), <u>cert. denied</u>, 525 U.S. 888 (1998).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.